UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE LEON PRICE, | No. 2:24-cv-3802 AC P |
| Plaintiff, | |
| v. | ORDER |
| THE PEOPLE, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se. The complaint in this case was originally filed as an amended petition in Price v. The People, No. 2:24-cv-3418 TLN CKD (E.D. Cal.), before it was determined that it should have been filed as a new prisoner civil rights case.

Plaintiff has not filed an in forma pauperis application or paid the required filing fee of $350.00 plus the $55.00 administrative fee.[1] See 28 U.S.C. §§ 1914(a), 1915(a). He will therefore be provided the opportunity either to submit the appropriate application in support of a request to proceed in forma pauperis or to submit the required fees totaling $405.00.

Furthermore, though plaintiff has used the form for a petition for writ of habeas corpus, he appears to be attempting to bring a civil rights action pursuant to 42 U.S.C. § 1983 as his

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments. Litigants proceeding in forma pauperis are not required to pay the $55.00 administrative fee.

1

allegations relate to conditions of confinement, though he fails to state a claim under either the habeas statute or § 1983.  See ECF No. 1 at 7.  The complaint fails to state a claim under § 1983 because it does not identify any cognizable defendants or allege facts showing how specific defendants violated his rights.  See Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981) (complaint must allege in specific terms how each named defendant is involved); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976) (complaint must demonstrate how conditions resulted in a deprivation of plaintiff's constitutional rights).  The complaint fails to state a claim under the habeas statute, 28 U.S.C. § 2254, because it does not appear to challenge petitioner's conviction or sentence and success on the merits will therefore not guarantee his speedier release.  See Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc) (for court to have habeas jurisdiction, success on the merits must necessarily result in petitioner's speedier release from custody).

For these reasons, in addition to filing a completed application to proceed in forma pauperis, plaintiff will be required to file an amended civil rights complaint on the proper form, which will be provided.  Plaintiff is advised that the filing fee for a civil rights action is $350.00 and he is obligated to pay the fee over time from his trust account even if he is granted leave to proceed in forma pauperis.  If plaintiff did not intend to initiate a civil rights action, he is free to notify the court and voluntarily dismiss this action

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff shall submit, within thirty days from the date of this order, an application in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the required fees in the amount of $405.00; plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

2.  Within thirty days of the service of this order plaintiff shall file an amended complaint on the form provided.  The amended complaint must bear the docket number assigned this case.  Failure to file an amended complaint will result in a recommendation that this action be dismissed without prejudice.

////

1     3. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner and a copy of the prisoner complaint form and form used in this district.

DATED: March 19, 2025

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE